UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA HOPE MOODIE,

                Plaintiff,

      -against-

CONSOLIDATED EDISON COMPANY OF NEW YORK, et al.,

                Defendants.

1:23-CV-4970 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered June 15, 2023, the Court transferred this *pro se* action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. (ECF 4.) One day later, on June 16, 2023, Plaintiff filed a motion opposing the transfer of this action. (ECF 5.) Plaintiff states, in her declaration in support of her motion, that she "was suppose[d] to receive a case # on Thursday, [June 15, 2023], however[,] [she] received an email with the case #1:23CV04970-LTS as if the case already avisted [*sic*] [and] was reassigned to LTS." (ECF 6, at 1.)

      The Court construes Plaintiff's motion as one for reconsideration relief brought under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including liberal construction of papers,] relaxation of the limitations on the amendment of pleadings, [leniency in the enforcement of other procedural rules, and] "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him.") (citations omitted). After reviewing Plaintiff's motion, the Court denies it.

**DISCUSSION**

A party who seeks reconsideration relief under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for a motion under Rule 59(e) of the Federal Rules of Civil Procedure and for a motion for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (commenting that such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling") (internal quotation mark and citations omitted).

This action was assigned the docket number (also known as a case number) 1:23-CV-4970 on June 14, 2023, one day after this action was filed, when the electronic docket for this action was created. Although this action was originally unassigned, on June 14, 2023, this action was assigned to the undersigned. For the reasons discussed in the Court's June 15, 2023, order, which Plaintiff does not challenge in her motion, the Court transferred this action *sua sponte* (on the Court's own motion), under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. (ECF 4.) Because Plaintiff does not demonstrate in her motion that the Court has overlooked any controlling decisions or factual matters with respect to the Court's transfer of this action, the Court denies Plaintiff's motion.

## CONCLUSION

The Court construes Plaintiff's motion (ECF 5) as one seeking reconsideration relief under Local Civil Rule 6.3, and the Court denies the motion.

This action is closed in this court. The Court directs the Clerk of Court to accept for filing in this action only those documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents in this action that are frivolous or meritless, the Court will direct her to show cause why the Court should not bar her from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 16, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge